IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TERRY BYERS**, | Case No. 17-cv-579-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **WAL-MART STORES, INC.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation (F&R) in this case on October 20, 2017. ECF 20. Judge Beckerman recommended that Defendant's motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure and motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF 7) both be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendant timely filed an objection (ECF 22) to which Plaintiff responded (ECF 23). Defendant objects primarily to the portion of Judge Beckerman's recommendation finding that Plaintiff has stated claims for a violation of Oregon employment laws, despite having resigned under a workers compensation settlement agreement, and that the settlement agreement does not bar those claims. Defendant does not object to Judge Beckerman's recommendation to deny the motion to strike. The Court has reviewed the F&R *de novo* and agrees with Judge Beckerman's reasoning and conclusions.

First, Defendant argues that Plaintiff's resignation was part of a bargained-for settlement exchange, and she must therefore be held to the full body of that bargained-for agreement. Defendant argues that any misrepresentation made to plaintiff regarding the continued availability of employment is immaterial to the enforceability of the settlement agreement. This is not true. As Judge Beckerman's recommendation notes, federal district courts have authority

to set aside agreements that were induced by the misrepresentations of a party. *See, e.g., Matsuura v. Alston Bird*, 166 F.3d 1006, 1012 (9th Cir. 1999) ("[T]he defrauded party has not freely bargained, but has been induced to settle by affirmative misrepresentations by the other party. Enforcing such a settlement would undermine the policy of encouraging voluntary settlement of disputes"), *opinion amended on denial of reh'g*, 179 F.3d 1131 (9th Cir. 1999). Here, Plaintiff has alleged that Wal-Mart misled her into accepting the settlement agreement, which required her resignation, by falsely claiming that modified duty was no longer available for her. As such, Plaintiff has adequately alleged that she has "not freely bargained but has been induced to settle by affirmative misrepresentation." Should she prove Defendant's wrongdoing, this Court has authority to set aside the settlement agreement.

Second, Defendant argues that the F&R preserves a cause of action—namely, that an ill-gotten settlement may be overturned if that settlement was procured by lies—that plaintiff does not assert. The F&R does not maintain a cause of action that is not asserted by the Plaintiff. Rather, in explaining that the Court may set aside a settlement predicated on misleading statements, Judge Beckerman explains that the settlement does not stand in the way of Plaintiff asserting her employment law claims. Plaintiff alleges that Defendant retaliated against her, in violation of ORS 659A.40, and constructively refused to reinstate or reemploy her, in violation of ORS § 659A.043 and § 659A.046, by misleading Plaintiff into resigning her position. Because Plaintiff has stated a prima facie case that Defendant's alleged misleading inducement of the settlement agreement violated Oregon employment law, that settlement agreement does not bar plaintiff asserting that claim. Defendant's objection to the F&R cites no authority to the contrary.

Third, Defendant argues that Plaintiff does not state a cognizable adverse employment action. Defendant's argument is again predicated on the notion that, because Plaintiff consented

to her resignation under the settlement agreement, she cannot allege any adverse action on the part of the employer. Plaintiff has alleged, however, that Defendant took adverse action by making a false statement about the availability of modified duty, which Plaintiff relied upon to settle her case. Taking Plaintiff's allegations as true, she cannot be said to have fully consented to her resignation because of Defendant's adverse action. Rather, Plaintiff alleges that those misrepresentations amounted to a constructive discharge, which is sufficient to support a claim for violation of Oregon employment laws. Defendant's objection to the F&R cites no authority to the contrary.

Fourth, Defendant argues that Plaintiff has alleged no promise made by Defendant that would support her claim for promissory estoppel. Defendants object to Judge Beckerman's finding as "contemplat[ing] that a threat or a lie is also a legally binding promise." ECF 22 at 4. Judge Beckerman accurately describes Oregon law as recognizing that "employees foreseeably relied on their employers' promises by taking or remaining on the job." *Kraft v. Arden*, 2008 WL 4866182, at *12 (D. Or. Nov. 7, 2008). Black's Law Dictionary defines a promise as "[t]he manifestation of an intention to act or refrain from acting in a specified manner, conveyed in such a way that another is justified in understanding that a commitment has been made." Black's Law Dictionary (10th ed. 2014). In *Neiss v. Ehlers*, the Oregon Court of Appeals recognized a claim for promissory estoppel where a plaintiff moved to a new town based on a promise of a job in a new practice. 135 Or. App. 218, 221 (1995). In *Roeder v. Pacificorp Fin. Servs.*, the court recognized a claim for promissory estoppel where the plaintiff turned down a job offer in order to remain employed with his current employer. 2006 WL 3085619 (D. Or. Oct. 27, 2006). Here, Plaintiff alleges that Defendant manifested an intention to eliminate Plaintiff's modified duty. Promising to an employee that a specified kind of employment will no longer be available,

PAGE 4 – ORDER

causing that employee to give up certain legal rights, is not meaningfully different from promising to an employee that a specified kind of employment will continue to be available. Here, Plaintiff, as a current employee of Wal-Mart, took action in reliance on Wal-Mart's representation that modified duty would no longer be available to her. Such allegations are sufficient to state a claim for promissory estoppel.

Finally, Defendant argues that the appropriate remedy for Plaintiff's fraudulent misrepresentation claim is to set aside the settlement. Defendant's final argument amounts to a restatement of its prior arguments: the settlement agreement bars relief under employment laws, and the only viable claim is Plaintiff's claim for fraudulent misrepresentation, the remedy for which is setting aside the settlement agreement. For the reasons given above, Plaintiff has stated claims under Oregon's employment laws. Plaintiff is not, therefore, limited to relief in the form of rescission of her settlement agreement.

Accordingly, the Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 20. Defendant's motion to dismiss and motion to strike (ECF 7) are DENIED.

**IT IS SO ORDERED.**

DATED this 11th day of December, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge